IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Rev. Jarmal Jabbar Sanders, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:21-cv-00007-MHT-SMD |
| ) | |
| John H. Merrill, in his official capacity ) | |
| as Alabama Secretary of State, and ) | |
| Kay Ivey, in her official capacity as ) | |
| Governor of the State of Alabama, ) | |
| ) | |
|    Defendants. ) | |

**STATE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (DOC. 1) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

A *pro se* Plaintiff who asserts that he is a "former President of the United States," doc. 1 at 1, has filed suit against Alabama Governor Kay Ivey and Alabama Secretary of State John H. Merrill (the State Defendants) to demand that this Court "restart the U.S. Presidential election," presumably with him on the ballot, and return allegedly stolen money and land, Doc. 1 at 1, 3. Pursuant to Fed. R. Civ. P. 12(b)(6), the State Defendants move to dismiss based upon failure to state a claim upon which relief can be granted, including due to Defendants' qualified immunity, the running of the statute of limitations, and laches. Additionally, pursuant to Fed. R. Civ. P. 12(b)(1), the State Defendants move to dismiss for lack of subject matter jurisdiction based on Plaintiff's lack of standing to bring suit, mootness, and sovereign immunity. In the alternative, pursuant to Fed. R. Civ. P. 12(e), the State Defendants move for a more definite statement that complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.

**MOTION TO DISMISS**

The Complaint is due to be dismissed for lack of jurisdiction as well as for failure to state a claim. Given the glaring pleading deficiencies that limit the State Defendants' ability to respond, this motion begins with those deficiencies and other grounds falling under the failure to state a claim framework before turning to jurisdictional grounds.

## I.     Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, . . . .") (internal citations omitted; first alteration by the Court).

The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, and importantly, this rule "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.).

"Additionally, notwithstanding the alleged facts, Rule 12(b)(6) [d]ismissal is . . . permitted when[,] on the basis of a dispositive issue of law, no construction of the factual allegations will

support the cause of action." *Thompson v. Alabama*, 293 F.Supp.3d. 1313, 1317 (M.D. Ala. 2017) (internal citations and quotation marks omitted; first two alterations by the court).

### a. Pleading Standards

First, as to the pleading deficiencies, Plaintiff alleges that he "was kept off the [ballot] in part because of [his] race," which he does not identify, and because President Bill Clinton and President George W. Bush "conspired to assassinate [him]" while he was serving as President. Doc. 1 at 2. Plaintiff alleges no facts supporting these conclusory allegations, *id.*, and provides no insight into what, if any, federal law[1] would be violated by the latter alleged motivation, *id.* Plaintiff does include allegations about information that the State Defendants allegedly learned, *id.*, but it is unclear how these allegations support any recognized cause of action. Plaintiff has "fail[ed] to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), and thus his suit is due to be dismissed for failure to comply with the governing pleading standards.

### b. Qualified Immunity

Additionally, due to the State Defendants' qualified immunity, Plaintiff has failed to state a claim with respect to the allegedly "stolen P.A.C. money" and "stolen land which was purchased with P.A.C. money," doc. 1 at 3, as well as with respect to any other attempt he makes to secure monies from the State Defendants, *see* doc. 1-1 (Civil Cover Sheet stating $900 million demand). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

---

[1] To the extent, if any, that the Plaintiff intended to assert a State law claim, this Court lacks jurisdiction. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("A federal court's grant of relief against [S]tate officials on the basis of [S]tate law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on [S]tate sovereignty than when a federal court instructs [S]tate officials on how to conform their conduct to [S]tate law.").

which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Complaint fails to state facts or law from which a theory can be constructed to defeat the State Defendants' qualified immunity from suit for damages for alleged constitutional violations. *Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (plaintiffs may not "convert the rule of qualified immunity" into "a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."). Where qualified immunity applies, no claim has been stated. *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002).

### c. Statute of Limitations

There are also issues of timing with respect to all of the forms of relief Plaintiff seeks and whatever claims might purport to support those requests. First, with respect to the "stolen P.A.C. money" and "stolen land which was purchased with P.A.C. money," doc. 1 at 3, the Complaint is deficient as to all aspects of the "theft." To the extent that the Plaintiff is seeking any relief for events occurring in 1996 (or at any time before January 4, 2019), the claim(s) is/are barred by the two-year statute of limitations applicable to claims for alleged constitutional violations. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.1989) ("[T]he two-year limitations period . . . applies to section 1983 actions in Alabama."); *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).[2]

---

[2]  Plaintiff's allegations about the 1996 polling sites are unclear. It is possible that he is alleging that he somehow owns all of the 2020 polling sites, though he has failed to allege that the polling sites in 1996 and in 2020 are the same. Of course, the entire Complaint suffers from a lack of clarity, and, would appear to suffer from a lack of candor to the tribunal.

### d. Laches

With respect to Plaintiff's demand that the Court "restart the U.S. Presidential election," the claim(s) is/are jurisdictionally barred by lack of standing and by mootness for the reasons described *infra* and incorporated here by reference. Alternatively, the claim(s) is/are barred by the equitable doctrine of laches. Plaintiff plainly "delay[ed] in asserting a right or claim," and he did so inexcusably and to the State's Defendants' "undue prejudice," *United States v. Barfield,* 396 F.3d 1144, 1150 (11th Cir. 2005), when he waited until *after* the 2020 Presidential election had concluded to allege that he should have been on the ballot.

## II.    Lack of Subject Matter Jurisdiction

"In limiting the judicial power to Cases and Controversies, Article III of the Constitution restricts it to the traditional role of Anglo–American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law. Except when necessary in the execution of that function, courts have no charter to review and revise . . . executive action. This limitation is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009) (internal citations and quotation marks removed). "Standing, ripeness, and mootness are three traditional doctrines governing whether a case or controversy exists." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (*en banc*).

---

On the latter note, all allegations Plaintiff has made to date—and all future filings—are subject to the requirements of Fed. R. Civ. P. 11(b), for which a violation may result in sanctions, including monetary sanctions, Fed. R. Civ. P. 11(c). The State Defendants reserve the right to seek monetary sanctions, as well as any costs available pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 (or any other applicable provision), should they be put to the trouble of proving the utter falsity of the allegations in the Complaint or any other filings made by Plaintiff in this litigation.

### a. Standing & Mootness

Plaintiff "bears the burden" of demonstrating standing "for each type of relief sought," *Summers*, 555 U.S. at 493, and must include the appropriate allegations in his Complaint, *cf. Muransky*, 979 F.3d at 925, 930-31, 933 (the Court will not fill in the blanks to establish an injury); *id.* at 935 ("As we have said before, it 'is not unfair to require every plaintiff to file a complaint which contains sufficient allegations of standing.'") (*quoting Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994)). Without standing, there is no subject matter jurisdiction. *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1282 (11th Cir. 2019).

Standing requires "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *City of Miami Gardens*, 931 F.3d at 1282 (internal citations and quotation marks omitted).

With respect to Plaintiff's "extraordinary"[3] demand that this the Court "restart the U.S. Presidential election," doc. 1 at 3, the Court cannot redress Plaintiff' alleged injuries. The Presidential election is not limited to Alabama but is national in scope. *See e.g.,* U.S. Const. Art. II, § 1; U.S. Const. Amends. 12 & 23; 3 U.S.C. § 3. Pursuant to federal law, electors were to be chosen nationwide on November 3, 2020, 3 U.S.C. § 1; *see also* 3 U.S.C. § 2, and then to cast their votes on December 14, 2020, 3 U.S.C. § 7. Beginning at 1:00 p.m. on January 6, 2021, the United

---

[3] *See Wood v. Raffensperger*, 981 F.3d 1307, 1311 (11th Cir. 2020) (*cert.* petition pending).

States Congress was to assemble in a joint session to count the electoral votes and declare who was elected President and Vice President. 3 U.S.C. § 15. Thereafter, the President-elect assumed the Office of President at noon on January 20, 2021. U.S. Const. Amend 20. This Court can take judicial notice that Joe Biden is now the President of the United States. Fed. R. Evid. 201; *Sharar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (explaining that who was President in 1958 is the sort of fact of which a court could take judicial notice). The election is over. Alabama cannot hold a "re-do" of this national election to put Plaintiff on the Presidential ballot. Thus, Plaintiff's alleged injury cannot be redressed.

Alternatively, because the 2020 Presidential election has been held and concluded without Plaintiff on the Alabama ballot, his claim(s) with respect to that election is/are moot. *See Wood v. Raffensperger*, 981 F.3d 1307, 1316-17 (11th Cir. 2020) (*cert.* petition pending). Like standing, mootness is jurisdictional and requires dismissal. *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1448 (11th Cir. 1987) ("The case or controversy requirement of the Constitution requires that moot cases be dismissed; in a moot case, there is no longer the vitality and interest among the parties that our adversary system of justice requires.").

Plaintiff has further failed to demonstrate standing with respect to his demands for the "[r]eturn [of] stolen P.A.C. money" and the "[r]eturn [of] stolen land which was purchased with P.A.C. money," doc. 1 at 3. Plaintiff "bears the burden" of demonstrating standing "for each type of relief sought." *Summers*, 555 U.S. at 493; *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("[S]tanding is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (internal citations and quotation marks omitted; alteration by the Court). Even assuming *arguendo* that the other standing factors are met, nothing in the Complaint establishes "a causal connection between the injury and

the conduct complained of . . . ," *City of Miami Gardens*, 931 F.3d at 1282 (internal citations and quotation marks omitted).  Thus, Plaintiff has failed to meet his burden to establish jurisdiction exists in this Court.

### b. Sovereign Immunity

Sovereign immunity also deprives this Court of jurisdiction over all or some of Plaintiff's claims.  "[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III[.]"  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  "That a State may not be sued without its consent[4] is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of [the Supreme Court of the United States] that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given . . . .*"  *Id.* (*quoting Ex parte State of New York No. 1*, 256 U.S. 490, 497 (1921) (emphasis added by the Court).

While Governor Ivey and Secretary Merrill are the named defendants, sovereign immunity "bars a suit against [S]tate officials when the [S]tate is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 908; *see also Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent").  Here, the Complaint fails to allege that either State Defendant is responsible for choosing polling sites or that Governor Ivey has any responsibility for determining who is on the Presidential ballot.  *See Summit Med. Assoc. v. Pryor*, 180 F.3d

---

[4]     Alabama does not consent to this lawsuit.  *See* Ala. Const. art. I, § 14 ("That the State of Alabama shall never be made a defendant in any court of law or equity."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution").

1326, 1341 (11th Cir. 1999) (sovereign immunity applies where the State defendant has no connection to the challenged law). Additionally, the Complaint seeks to invade the State Treasury. *Pennhurst*, 465 U.S. at 101 n. 11 ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain . . . .") (internal citation and quotation marks omitted); *see also Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974). It does all of this where no exception to, or abrogation of, the State's sovereign immunity has been identified. *Cf. Quern v. Jordan*, 440 U.S. 332, 339-41 (1979) (§ 1983 does not abrogate the State's sovereign immunity). Thus, sovereign immunity deprives this Court of jurisdiction of all or some of Plaintiff's claims.

**ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Given the factual allegations that are made in the Complaint, the jurisdictional and merits defenses discussed above, and Plaintiff's obligations under Fed. R. Civ. P. 11, *see* n. 2, *supra,* it is likely futile to demand that Plaintiff clarify his Complaint. Nonetheless, should the Court be disinclined to grant the State Defendants' motion to dismiss, the State Defendants alternatively move the Court to require a more definite statement. *See* Fed. R. Civ. P. 12(e).

As this Court has explained to this Plaintiff in another case, any such statement "must comply with the Federal Rules of Civil Procedure," despite Plaintiff's *pro se* status. *Sanders v. Merrill*, Case No. 2:19-cv-00440-WKW-JTA, doc. 17 at 5 (M.D. Ala. June 19, 2020). Specifically:

> Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). Further, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

> circumstances." Fed. R. Civ. P. 10(b).  These rules work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]"  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal quotations and citation omitted).

*Sanders v. Merrill*, Case No. 2:19-cv-00440-WKW-JTA, doc. 17 at 3-4 (M.D. Ala. June 19, 2020) (all alterations by the Court).  This Court went on to set out six requirements that Plaintiff would be required to meet in any amended complaint. *Sanders v. Merrill*, Case No. 2:19-cv-00440-WKW-JTA, doc. 17 at 6 (M.D. Ala. June 19, 2020).  Plaintiff did not respond, and that case was ultimately dismissed.

Of course, the same pleading standards apply to this litigation, and those standards are important.  Last year, in concurrence, Judge Tjoflat criticized a complaint that, "[d]ue to its shotgun nature and conclusory allegations, . . . failed to comply with the requirements of Fed. R. Civ. P. 8(a), as interpreted by the Supreme Court in *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), by stat[ing] a claim for relief that is plausible on its face." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 865 n. 6 (11th Cir. 2020) (Tjoflat, J., concurring) (internal quotation marks and parallel citations omitted; alteration by the Court).  The defendant had answered "in kind."  *Id.* at 865.  Judge Tjoflat explained that "the manner in which this case was litigated hardly comports with the litigation model the framers of the Federal Rules of Civil Procedure created" and the pleadings "filed [t]here should not have been permitted to go forward." *Id.* at 868.  Indeed, those "pleadings did little, if anything, more than to notify the District Court of a legal dispute in [the defendant's] workplace."  *Id.*  Judge Tjoflat explained that the District Court had an obligation to act *sua sponte* to take control of the litigation.  *Id.*; *see also id.* n. 15. If this litigation is going to proceed—which it should not—the operative complaint should be made intelligible in compliance with the Rules.

10

**CONCLUSION**

For the foregoing reasons and authority, Plaintiff's suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) or, in the alternative and pursuant to Fed. R. Civ. P. 12(e), Plaintiff should be ordered to file a more definite statement that complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.

    Respectfully submitted,

    Steve Marshall
     *Attorney General*

    s/ Winfield J. Sinclair
    Winfield J. Sinclair (ASB-1750-S81W)
    Misty S. Fairbanks Messick (ASB-1813-T71F)
    *Assistant Attorneys General*

    OFFICE OF THE ATTORNEY GENERAL
    501 Washington Avenue
    Post Office Box 300152
    Montgomery, Alabama 36130-0152
    telephone:    334.353.8674
    facsimile:    334.353.8400
    Winfield.Sinclair@AlabamaAG.gov
    Misty.Messick@AlabamaAG.gov

    ***Counsel for the State Defendants***

**CERTIFICATE OF SERVICE**

    I hereby certify that, on January 29, 2021, consistent with Local Rule 5.4, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I am serving this day a copy of the foregoing as electronically filed along with the Notice of Electronic Filing on the Plaintiff, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

        Rev. Jarmal Jabbar Sanders
        225 Alabama Avenue
        Selma, Alabama 36701

                                        s/ Winfield J. Sinclair
                                        *Counsel for the State Defendants*